IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 MAR 15 P 3:48

CLERK M. Akins
SO. DIST. OF GA.

KARTEAU JENKINS,

  Plaintiff,

v.

JUDGE WILLIAM T. MOORE;
MAGISTRATE JUDGE CHRISTOPHER
RAY; ATTORNEY FOR CJA WILLIAM
TURNER; AGENT BRENT MINTON
(CNT); SUPERIOR COURT JUDGE
TIMOTHY WAMSLEY; CHIEF ASSISTANT
DA OF EASTERN DISTRICT GREG
MCCONNELL; SPECIAL ASSISTANT
DA NOAH ABRAMS; US ATTORNEY
FRANK PENNINGTON II; and AGENT
CHRIS PETROU, FBI Southern
District,

  Defendants.

CV 419-243

**O R D E R**

Plaintiff filed this lawsuit while incarcerated at Liberty County Jail. (Compl., Doc. No. 1, at 25.) Plaintiff is proceeding *pro se* and initially moved to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 3-7.) However, he later paid the $350 filing fee and $50 administrative fee and his IFP status was revoked. The Order of July 24, 2020 required Plaintiff to file an amended complaint to rectify his initial shotgun pleading and he did so.[1] (Doc. Nos.

---

[1] The Amended Complaint appears as a "Statement of Facts" on the docket but is filed in response to the Order of July 24, 2020 and is in the format of a complaint.

7-8.).  The Amended Complaint is ready to be screened per 28 U.S.C. § 1915(e)(2)(B).

A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, the Court may dismiss the Amended Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B).  For the following reasons, Plaintiff's Amended Complaint is dismissed as frivolous.

## I.   BACKGROUND

To begin with, the allegations of the Amended Complaint overlap significantly with a lawsuit Plaintiff filed two months before he filed his Amended Complaint.  (See Jenkins v. United States, et al., Case No. 4:20-cv-125 (S.D. Ga. June 3, 2020) (hereinafter "Prior Case")).  That case was dismissed as frivolous.  (See id. Doc. Nos. 33, 35.)  In fact, in the present case Plaintiff is attempting to relitigate much of the same facts from the Prior Case.  Both cases challenge the use of the same wiretap conducted in late 2015 through early 2016.  (Compare Am. Compl., Doc. No. 8 at 3-4 with Prior Case Doc. No. 30 at 3.)  Defendants Minton, Wamsley, McConnell, Abrams, Pennington, and Petrou are involved in the wiretapping claims.

2

The remainder of the Complaint contains various allegations against Defendants Turner, Moore, and Ray. (Am. Compl. at 7-8.) The allegations relate to Plaintiff's representation in a federal criminal case and the judges that presided over it. (Id.) Turner was appointed counsel for the criminal case and allegedly "violated every ethical violation he could when it came to [Plaintiff's] defense," which led to the violation of Plaintiff's speedy trial rights. (Id. at 7.) Turner was also named as a defendant in the Prior Case upon the same allegations. (Prior Case, Doc. No. 30 at 4). Defendant Ray, the United States Magistrate Judge presiding over the case, allegedly refused Plaintiff's repeated requests for new counsel. (Id.) Finally, as the presiding District Judge, Defendant Moore "aided and abetted" the constitutional violations Plaintiff suffered. (Id.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P.

3

12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff's wiretapping claims and claims against Defendant Turner are dismissed as they are duplicative of those in the Prior Case. See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) (reviewing cases from other Circuits and concluding that a duplicative complaint is properly dismissed as frivolous or malicious under Section 1915(e)(2)(B)); Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (ruling that district court did not err in dismissing complaint as frivolous "because the claim was duplicative of a claim previously dismissed as frivolous under section 1915(d)").

The non-duplicative claims are those directed at the presiding judges in Plaintiff's criminal case. These claims also fail. Judges "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). That absolute judicial immunity "applies even when [a] judge's acts are in error,

malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239.

### IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any non-frivolous claims in his Amended Complaint. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE